UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  **1:26-CV-00114-ADA-DH** |
| | § | |
| **EL LEON CIGAR COMPANY LLC,** | § | |
| **LOUIS ALBERT CISNEROS,** | § | |
| **CHRISTIAN LEE CISNEROS,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s ("JHP") motion for alternative service, Dkt. 6. JHP asserts that it has unsuccessfully attempted to serve Defendant Christian Lee Cisneros five times at his home address, and Cisneros has been repeatedly unavailable despite confirmation from three other individuals that Cisneros resides at that address. *Id.* at 2-3. JHP asks the Court to allow it to effect alternative service by leaving a copy of the Summons and Complaint with anyone older than sixteen years of age at Cisneros's address or by affixing a copy of the Summons and Complaint to the front entry way of Cisneros's home. *Id.* at 3. Having reviewed the motion and relevant law, the Court will grant the motion.

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located

1

or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). Because it is generally more reliable, Texas law prefers personal service over substitute service. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.).

Where efforts at service by one of the enumerated means have been unsuccessful, a plaintiff may request alternative or substituted service. *Joe Hand Promotions, Inc. v. MHB Enters., LLC*, No. SA-24-CV-00064-XR, 2024 WL 1595678, at *1 (W.D. Tex. Feb. 20, 2024) ("[O]nly after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service."); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).[1] The burden is on the moving party to show that a substitute method of service is appropriate and necessary under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (citation omitted)). "[T]he task of determining when the particularities

---

[1] Upon motion supported by sworn statement, the Court may authorize alternative service "(1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence." *See* Tex. R. Civ. P. 106(b). "The plaintiff must meet a high evidentiary burden to prove that such service is reasonably calculated to provide notice of the proceedings in time to answer and defend." *Titus v. S. Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *4 (Tex. App.—Austin July 24, 2009, no pet.)

and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009).

The undersigned finds that JHP has met its burden of demonstrating under Texas Rule of Civil Procedure 106(b) that alternative service on Cisneros is warranted. In support of its motion, JHP points to an affidavit from its process server, who attempted service five times. Dkt. 6-1. JHP's process server describes his five attempts to personally serve Cisneros, as well as his communications with other individuals at Cisneros's address, who stated that Cisneros was unavailable but confirmed that Cisneros resided there. *Id.* One of the individuals who confirmed Cisneros's address is another defendant in this suit, Louis Albert Cisneros. *Id.*; Dkt. 6, at 3.

JHP has established that personal service could not be "effected by the exercise of reasonable diligence" and that its proposed alternative notice is "reasonably calculated" to provide Cisneros with "notice of the proceedings in time to answer and defend." *See* Dkts. 6; 6-1; *E.R.*, 385 S.W.3d at 564; *Titus*, 2009 WL 2196041, at *4; *see* Tex. R. Civ. P. 106(b) (allowing alternative service "by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit"); *Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014) (allowing alternative service by "leaving Summons with a copy of the Complaint and this Order with anyone 16 years of age or older at [defendant's] home residence" or "posting the Summons with a copy of the

Complaint and this Order on the front door of [defendant's] home residence" where plaintiff had attempted personal service at defendant's home eight times).

Accordingly, JHP's motion for alternative service, Dkt. 6, is **GRANTED**. JHP may serve Defendant Christian Lee Cisneros (1) by leaving a copy of the Summons with a copy of the Complaint with anyone older than sixteen years of age at the property located at 208 Sandhill Dr., Lockhart, Texas 78644 or (2) by affixing a copy of the Summons with a copy of the Complaint to the front entry way of the property located at 208 Sandhill Dr., Lockhart, Texas 78644.

SIGNED February 17, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE